JENKINS *et al. v.* RUBERG *et al.*

(*Circuit Court, D. Massachusetts.* August 5, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—MACHINES FOR MAKING METALLIC SHOE-SHANKS.

Reissued letters patent No. 8,163, issued April 9, 1878, to John Hyslop, Jr., for improvements in machines for making metallic shoe-shanks, describe a combination of the punching, cutting, and bending mechanism, arranged to operate as set forth. Machines made under letters patent issued to Ruberg January 11, 1887, embrace these three steps, but in the Ruberg machine the projections for making the reverse bends are absent, and there is nothing to correspond to the guide-way of the Hyslop machine, by means of which the blank is to be taken from the cutting device, and delivered to the bending mechanism. The arrangement of the shears and bending dies in Ruberg's machine is also different. Hyslop was the first man to combine the three operations in a machine for making metallic shoe-shanks, but the combination of punching and cutting mechanism was old. *Held,* that the Ruberg machine was not an infringement of Hyslop's patent.

At Law. Action for infringement of letters patent.
*C. H. Drew,* for plaintiffs.
*J. E. Maynadier,* for defendants.

COLT, J. This suit is brought upon reissued letters patent No. 8,163, dated April 9, 1878, granted to John Hyslop, Jr., for improvements in machines for making metallic shoe-shanks. The invention relates to the organization of a machine by which metal shanks for shoes are cut, punched, and bent, and have their opposite ends reversely bent by one continuous operation. The first and only claim in controversy is as follows:

"In a machine for making metallic shoe-shanks, the combination, substantially as described, of the punching mechanism, the cutting mechanism, and the bending mechanism, arranged to operate as set forth."

At the date of the Hyslop invention it can hardly be said that it was new to cut and punch at each end a strip of metal by one operation, but

the evidence discloses that Hyslop was the first man to combine in one machine the successive operations of cutting, punching, and bending for the production of a metallic shoe-shank. It is admitted that the defendants' machine made under his patent of January 11, 1887, embraces these three successive steps, but it is contended that the cutting and bending devices are quite different from those described in the Hyslop patent. It cannot, of course, be held that the Hyslop patent covers all machines for making metallic shoe-shanks which have cutting, punching, and bending mechanisms. The only question in the case, therefore, is narrowed down to this: Whether the cutting and bending mechanisms found in the Ruberg machine are the equivalent of those described in the Hyslop patent. What did Hyslop invent, and does the defendant accomplish the same result by substantially the same or equivalent means? Giving the Hyslop patent a fairly broad interpretation by reason of his being the first person to combine all these operations in a single machine, still I cannot bring my mind to the conclusion that the Ruberg machine infringes that patent. The Ruberg machine leaves out some of the important features which Hyslop makes essential parts of his machine, and substitutes no equivalents therefor. The projections for making the reverse bend are absent from the Ruberg machine. There is nothing in the Ruberg machine which corresponds to the guide-way of the Hyslop machine by means of which the blank is taken from the cutting device and delivered to the bending mechanism. In the Hyslop patent this mechanism is made up of the lips or flanges, $h$, against which the front edge of the plate is held to gauge the cut, the incline, $m$, down which the blank falls guided by the lips, $h$, and the stop pins, $c^2$, secured to the top of the bending die, and which serve to arrest the blank as it falls down the incline. In Ruberg's machine the organization is more simple. The bending dies are placed close to or just back of the stationary cutter, and the blank is brought into position between the bending dies before it is cut from the strip. When the strip of metal in the Ruberg machine, from which the blank is to be cut, is fed into the machine, and comes against the stops, which give the width of the blank to be cut, that portion of the strip which makes the blank is directly over the stationary or lower die, and in position for the upper die to act upon it immediately after the blank is cut. The arrangement of the shears and bending dies in the Ruberg machine is very different from their arrangement in the Hyslop patent. The combination of punching and cutting mechanism was not new with Hyslop. He did invent one way of combining cutting mechanism with bending mechanism, and Ruberg devised another way to accomplish the same result. The ingenious expert for the complainant has sought to show that the means employed by both are substantially the equivalent of each other, but I find the fact to be otherwise, and it follows that judgment should be entered for the defendants.